**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ARTHUR LARUE WATSON, III,**

        **Plaintiff,**

        **v.**                      **CASE NO.  26-3215-JWL**

**LEAVENWORHT COUNTY JAIL,**
**et al.,**

        **Defendants.**

**<u>MEMORANDUM AND ORDER TO SHOW CAUSE</u>**

Plaintiff Arthur Larue Watson, III, is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

## I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ").  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff's claims relate to his state criminal proceedings.  He claims that he was falsely accused of kidnapping and aggravated assault.  (Doc. 1, at 2.)  Plaintiff claims that the detective "did a horrible job at figuring out the truth" and Plaintiff "had to post bond and basically do their job for them."  *Id*.  Plaintiff claims his bond was $30,000, and his "case was dismissed over text messages."  *Id*.

As Count I, Plaintiff alleges wrongful incarceration, stating that he went to jail without a proper investigation.  *Id*. at 3.  As Count II, Plaintiff alleges defamation of character, stating that

they tried to make him out to be a kidnapper and a violent individual. *Id*. As Count III, Plaintiff alleges "false accusation," stating that they "[d]idn't properly investigate if he had a lawyer with his discovery from his case. *Id*. at 4 (cleaned up).

Plaintiff names as defendants:  the LCJ; the Leavenworth County Attorney's Office, the Leavenworth Police Department; and (fnu) (lnu) Deputy County Attorney, Leavenworth County Attorney's Office.  For relief, Plaintiff states "[t]o be released.  Instead I had to bond out at $30,000 bond." *Id*. at 5.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2); *see also* 28 U.S.C. § 1915(e)(2)(B) (where a plaintiff proceeds in forma pauperis the Court is required to "dismiss the case at any time if the court determines that—. . . (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts

all well-pleaded allegations in the complaint as true. *Anderson v. Blake,* 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

3

1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Relief Requested

Plaintiff should clarify the relief he is seeking in his amended complaint.  In his current complaint, he states "[t]o be released.  Instead I had to bond out at $30,000 bond."  (Doc. 1, at 5.)  Plaintiff marks the top of his Complaint with Case No. LV-2024-CR-000275.  That case originally set bond at $25,000, and later increased it to $50,000.  *See State v. Watson*, Case No. LV-2024-CR-000275 (District Court of Leavenworth County, Kansas).  That case was dismissed on December 9, 2024.

Plaintiff has two other pending criminal cases in Leavenworth County.  *See State v. Watson*, Case No. LV-2026-CR-000094 (District Court of Leavenworth County, Kansas), and *State v. Watson*, Case No. LV-2026-CR-000100 (District Court of Leavenworth County, Kansas).  Case No. LV-2026-CR-000094 set bond at $100,000, reflects that Plaintiff remains in custody, and set a jury trial for October 26, 2026.  Case No. LV-2026-CR-000100 set bond at $50,000, reflects that Plaintiff remains in custody, and set trial for November 2, 2026.  Therefore, it is unclear if Plaintiff is seeking release from his current detention on his two pending criminal cases, and which case he is addressing with his reference to a $30,000 bond.

4

If Plaintiff is seeking relief in the form of release from detention in connection with his two pending criminal cases, such relief must be sought in a habeas action and the Court would be prohibited from hearing Plaintiff's claims under *Ex parte Royall*, 117 U.S. 241, 251–52 (1886) and *Younger v. Harris*, 401 U.S. 37, 45 (1971). Section 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). However, a plausible claim for relief under § 2241 must assert that the petitioner is in custody in violation of a federal law, federal treaty, or the federal Constitution. 28 U.S.C. § 2241(c)(3). A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 commonly "[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019). It may also be used to seek "to compel the State to bring [a pretrial detainee] to trial." *See Smith v. Crow*, 2022 WL 12165390, at *2 (10th Cir. 2022) (order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893–94 (10th Cir. 1977), which was discussing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973)).

If Plaintiff's claims relate to his ongoing state criminal cases, the Court would be required to abstain. Federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the person is in custody for an allegedly criminal act that was required by federal law or federal court order, when the person is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *See Ex parte Royall*, 117 U.S. at 251–52.

Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that a federal court generally should not intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

If these three circumstances are present, federal abstention is mandatory unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

More recently, the Tenth Circuit explained that "*Younger* and *Ex parte Royall* are related doctrines." Both "are based upon 'comity, that is, a proper respect for state functions'" and

> stand for "the requirement that special circumstances must exist before the federal courts exercise their habeas corpus, injunctive, or declaratory judgment powers to stop state criminal proceedings." *Younger* addressed a federal court's equitable power to issue an injunction enjoining state proceedings, while *Ex parte Royall* . . . involved a request for habeas relief.

*Smith v. Crow*, 2022 WL 12165390, *2 (10th Cir. Oct. 21, 2022) (unpublished order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977)).

Plaintiff should clarify if he is seeking release from custody or some other form of relief. If his claims relate to his two pending criminal cases, the Court would be prohibited from hearing those claims.

### 2.  The LCJ and the Leavenworth Police Department

Plaintiff names the LCJ as a defendant.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").  Plaintiff's claims against the LCJ are subject to dismissal.

Plaintiff also names the Leavenworth Police Department as a defendant.  Plaintiff's claims against the police department are subject to dismissal, as "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'"  *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)). This Court has

held that municipal police departments are subunits of city government and not legal entities subject to suit. *Roberts v. Unknown Wichita Police Officers*, 2019 WL 1790050, at *2 (D. Kan. April 24, 2019) (citing *Schwab v. Kansas*, 2017 WL 2831508, at *13 (D. Kan. June 30, 2017) (dismissing Riley County Police Department); *Neighbors v. Lawrence Police Dep't*, 2016 WL 3685355, at *6 (D. Kan. July 12, 2016); *Ward v. Lenexa, Kansas Police Dep't*, 2014 WL 1775612, at *4 (D. Kan. May 5, 2014)); *see also See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("City of Denver Police Department" not "separate suable entity").  Plaintiff's claims against the Leavenworth Police Department are subject to dismissal.

### 3. Defamation of Character and False Accusation

Plaintiff claims defamation of character and "false accusation."  Plaintiff fails to allege how a false accusation violated his constitutional rights or provides for a federal cause of action. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173-74.  Plaintiff's "false accusation" claim is subject to dismissal.

Plaintiff also alleges defamation.  Claims for slander and defamation are state law claims. *See Marcus v. Swanson*, 317 Kan. 752, 755–56 (2023) (noting that in Kansas defamation developed as part of the common law and has two variants—libel and slander).  It is well-settled that state law violations are not grounds for relief under § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted).  Plaintiff must state a federal constitutional violation.  *See D.L.*

*v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.'") (citation omitted).

At this stage of the proceedings, it is not clear that Plaintiff has stated a federal constitutional violation.  Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction."  "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quotations omitted); *see also Foxfield Villa Assocs., LLC v. Robben*, 967 F.3d 1082, 1103 (10th Cir. 2020) ("[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial.") (citation omitted); *Loggins v. Norwood*, 854 F. App'x 954, 957 (10th Cir. 2021) (unpublished) (affirming district court's decision declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims alleging slander and defamation).

## IV.  Motion for Appointment of Counsel (Doc. 3)

Plaintiff has filed a Motion for Appointment of Counsel, arguing that he has been appointed a lawyer in his criminal case in Leavenworth, and now he needs one to help him sue Leavenworth. (Doc. 3, at 4.)  The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217

(10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if this matter survives screening.

## V. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's claims should not be dismissed for

the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (26-3215-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant. If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **denied without prejudice.**

11

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 27, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 27, 2026**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated July 27, 2026, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**