FILED
U.S. District Court
District of Kansas
11/06/2026
Clerk, U.S. District Court
By: KGS Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ARTHUR LARUE WATSON, III,**

**Plaintiff,**

**v.** **CASE NO. 26-3215-JWL**

**LEAVENWORHT COUNTY JAIL,**
**et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ"). The Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee in the amount of $21.00, calculated under 28 U.S.C. § 1915(b)(1). On July 27, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim or to file an amended complaint to cure the deficiencies noted in the MOSC. The Court granted Plaintiff multiple extensions of time to pay the initial partial filing fee and to respond to the MOSC. *See* Docs. 9, 11, and 13. Plaintiff has failed to respond to the MOSC or to pay the initial fee by the current deadline of October 30, 2026.

Plaintiff's claims relate to his state criminal proceedings. For relief, Plaintiff states "[t]o be released. Instead I had to bond out at $30,000 bond." (Doc. 1, at 5.) The Court found in the MOSC that it is unclear if Plaintiff is seeking release from his current detention on his two pending criminal cases, and which case he is addressing with his reference to a $30,000 bond. (Doc. 7, at 4.) The Court found that if Plaintiff is seeking relief in the form of release from detention in

connection with his two pending criminal cases, such relief must be sought in a habeas action and the Court would be prohibited from hearing Plaintiff's claims under *Ex parte Royall*, 117 U.S. 241, 251–52 (1886) and *Younger v. Harris*, 401 U.S. 37, 45 (1971). *Id*. at 5–7.

The Court also found in the MOSC that the LCJ and the Leavenworth Police Department are not proper defendants. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989). The Court also found that "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)).

The Court's MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice." (Doc. 7, at 11.) Plaintiff has failed to respond to the MOSC by the Court's deadline. Plaintiff has also failed to pay the initial partial filing fee by the Court's deadline. Therefore, the Court dismisses this matter without prejudice.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated November 6, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**